IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AUSTIN DEWAYNE NATION,<br><br>　　　　Defendant. | Case No. 25-CR-213-JFH |

## OPINION AND ORDER

Before the Court is a Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) – Drug Activity and Firearms Violations ("Notice") filed by the United States of America ("Government"). Dkt. No. 20. Defendant Austin Dewayne Nation ("Defendant") did not object to the Notice or otherwise respond. For the following reasons, the Court finds that the evidence described in the Government's Notice is admissible.

## BACKGROUND

### I. Procedural Background

On June 17, 2025, Defendant was charged by indictment with four (4) counts: (1) Use of a Communication Facility in Committing, Causing, and Facilitating the Commission of a Drug Trafficking Felony, in violation of 21 U.S.C. §§ 843(b) and 843(d)(1); (2) Attempted Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(viii); (3) Felon in Possession of Firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8); and (4) Possession of Firearms in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Dkt. No. 14. This case is set for jury trial on the Court's December 15, 2025 docket. Dkt. No. 29.

### II. Factual Background

### a. Charged Conduct

In 2025, the Drug Enforcement Administration ("DEA") became aware of the shipment of illegal narcotics via the United States Postal Service ("USPS") to Defendant's home located at 20442 Meadow Street, Kellyville, Oklahoma in the Northern District of Oklahoma. Dkt. No. 20 at 4. DEA Agent Patrick Pryce, in cooperation with the USPS Office of Inspector General, determined that several parcels had been shipped to Defendant's residence that were paid for with cryptocurrency. *Id*. at 4-5. A "mail watch" was then issued for Defendant's address to identify all future shipments. *Id*. at 5.

On May 13, 2025, a parcel was shipped to Defendant's address from a "Gustavo Hooper" in Brea, California. *Id*. A law enforcement database records check showed no records for a Gustavo Hooper living at the sender address. Dkt. No. 20 at 5. The shipment was paid for with cryptocurrency. *Id*.

On May 16, 2025, the parcel was located at the Kellyville Post Office and a narcotics K-9 alerted to the parcel. *Id*. The DEA obtained a federal search warrant for the parcel, and 447 grams of methamphetamine was located inside. *Id*. The methamphetamine was seized by law enforcement and replaced with an imitation substance in anticipation of an undercover delivery of the parcel to Defendant's address. Dkt. No. 20 at 5. The DEA obtained a federal search warrant for Defendant's residence which was contingent upon someone receiving the parcel at the residence. *Id*.

On May 21, 2025, surveillance was conducted on Defendant's residence. *Id*. Agents observed Defendant walking around his garage and entering his residence. *Id*. After Defendant entered his residence, the package was delivered to the front porch. Dkt. No. 20 at 6. Shortly after the package was delivered, agents observed Defendant open his front door, look up and down the

street, pick up the parcel, and return inside the residence. *Id*. Agents then executed the search warrant, first by knocking on the front door and announcing their presence, and then by forcibly entering the residence when Defendant failed to answer. *Id*. Defendant was detained inside the residence, and a search of the residence ensued. *Id*. During the search, several baggies of suspected controlled substances, two handguns, and approximately $3,600 in cash were found in various locations around the residence, including the kitchen pantry, Defendant's car located in the garage, and the master bedroom. Dkt. No. 20 at 6-7. Agents also located mail addressed to Defendant in the residence. *Id*. at 7. After being *Mirandized*, Defendant admitted to living in the residence but denied knowing about anything illegal in the residence. *Id*. at 7-8.

On May 28, 2025, a second parcel addressed to Defendant was seized at the Tulsa USPS Office. *Id*. at 8. A narcotics K-9 alerted to the package, a search warrant was obtained, and 805 grams of suspected counterfeit Xanax pills were found inside. Dkt. No. 20 at 8.

      b. **Other Conduct**

On June 20, 2016, Defendant was pulled over by Oklahoma Highway Patrol Trooper Jared Sharp ("Trooper Sharp") for traffic violations. Dkt. No. 20 at 1. During the stop, Trooper Sharp smelled raw marijuana emanating from Defendant's vehicle. *Id*. at 2. Defendant informed Trooper Sharp that there was marijuana in the truck of the car. *Id*. Upon opening the trunk, Trooper Sharp observed a shotgun, body armor, and an AR-15 magazine. *Id*. Trooper Sharp instructed Defendant to exit the vehicle, turn around, and put his hands behind his back. While retrieving his handcuffs, Defendant took off running. Dkt. No. 20 at 2. Trooper Sharp ran after Defendant and tackled him to the ground. *Id*.

After Defendant was arrested, Trooper Sharp along with another trooper, conducted a search of Defendant's vehicle. *Id*. Inside the vehicle, the troopers found a loaded Smith & Wesson

9mm pistol under the driver's seat. *Id*. In the rear passenger seat, there was a red and black backpack containing a loaded Smith & Wesson Government .410 gauge, a Ziploc bag containing 34 grams of marijuana, a Ziploc bag containing 32 different colored pills containing methamphetamine, a Ziploc bag containing 180 homemade pills containing a red/brownish crystal-like substance, a Ziploc bag containing 7 circular tan pills inscribed with "100 Q," a Ziploc bag containing paper printed with "Xanax" on it, a black scale containing residue, an Apple laptop, several empty Ziploc bags, a large bag containing several empty clear capsules, a bag of rubber bands, a bag of gloves, and cell phones. Dkt. No. 20 at 2. In Defendant's trunk, troopers found a loaded Mossberg Maverick 12-gauge shotgun, camouflage body armor, an AR-15 D&H magazine containing 14 .223 bullets, a silver mask, a clown mask, and a small safe. *Id*. at 3. The safe contained various pills and capsules and a piece of tin foil containing a white substance with liquid residue. *Id*. In Defendant's wallet, Trooper sharp found $2,975 in cash in various denominations. *Id*.

In relation to this conduct, Defendant was charged in Tulsa County Court Case No. CF-2016-03427 and pled guilty to the following charges: (1) Aggravated Assault and Battery on a Police Officer; (2) Unlawful Possession of a Controlled Drug with Intent to Distribute; (3) Unlawful Possession of Controlled Drug with Intent to Distribute – Methamphetamine; (4) Unlawful Possession of Controlled Drug with Intent to Distribute – Amphetamine; (5) Maintain Place for Keeping/Selling Controlled Drugs; (6) Possession of a Firearm While in the Commission of a Felony; (7) Possession of a Firearm While on Felony Probation; (8) Knowingly Receiving/Concealing Stolen Property; (9) Acquire Proceeds from Drug Activity; (10) Possession or Selling of Paraphernalia While Using a Motor Vehicle; (11) DUI Drugs (DI2D); (12) Resisting

an Officer; (13) Required Position & Method of Turning; (14) Defective Vehicle; and (15) Assault and Battery Upon a Police Officer.  Dkt. No. 20 at 4.

## ANALYSIS

At trial, the Government intends to introduce evidence of Defendant's prior drug possession and distribution under Federal Rule of Evidence 404(b).  Dkt. No. 20 at 1.  Rule 404(b) provides, in pertinent part:

> Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> …
>
> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b).  In performing a Rule 404(b) analysis, the Court must consider four factors: (1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) whether the probative value of the evidence is substantially outweighed by the prejudicial effect, and (4) the availability of a limiting instruction.  *Huddleston v. United States*, 485 U.S. 681, 691 (1988); *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006); *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000).

First, the Court finds that the evidence of Defendant's prior drug possession and distribution is offered for a proper purpose:  to prove Defendant's specific intent to distribute the drugs found in his residence in relation to the charged conduct.  *See United States v. Cardinas Garcia*, 596 F.3d 788, 797 (10th Cir. 2010) (citing *United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000), *abrogated in part on other grounds by Crawford v. Washington*, 541 U.S. 36 (2004), (holding that a defendant's prior involvement with drugs may be admitted to show his intent for a drug trafficking charge)).  The Court further finds that the evidence is offered for the

proper purpose of proving Defendant's knowledge regarding the contents of the parcel and his lack of mistake in receiving the parcel. Especially here, where Defendant is denying knowledge of the controlled substances in his residence, the Court finds that this factor is satisfied under Rule 404(b).

The second *Huddleston* factor requires the evidence be relevant under Rule 401. Evidence is relevant if: (1) "it has any tendency to make a fact more or less probable than it would be without the evidence"; and (2) "the fact is of consequence in determining the action." Fed. R. Evid. 401. When considering relevance in a Rule 404(b) analysis, the Court must examine both the similarity of the prior conduct to the charged conduct and the temporal proximity of the two acts. *Cardinas Garcia*, 596 F.3d at 797-98. Here, the prior conduct (possession of methamphetamine, Xanax, and various pills in baggies, firearms, and large sums of cash) is nearly identical to the charged conduct (possession of methamphetamine and counterfeit Xanax in baggies, firearms, and large sums of cash). While the two acts occurred nine (9) years apart, a portion of that time Defendant spent serving a five (5) year sentence at the Oklahoma Department of Corrections. The Tenth Circuit has previously found that events occurring five (5) years apart were relevant to prove intent to distribute. *See United States v. Cherry*, 433 F.3d 698, 702 & n. 4 (10th Cir. 2005). For these reasons, the Court finds that this factor is satisfied under Rule 404(b).

Third, the Court finds that the probative value of the prior conduct evidence is outweighed by its prejudicial effect. "More often than not, intent is proved by circumstantial evidence." *Cardinas Garcia*, 596 F.3d 788, 798 (citing *United States v. Nickl*, 427 F.3d 1286, 1300 (10th Cir. 2005)). While the prior conduct evidence may be prejudicial to Defendant in that it circumstantially establishes his intent to distribute controlled substances, "such is the nature of evidence establishing an element of the charged crime." *Id*. (quoting *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006)).

Finally, the Court will provide a limiting instruction instructing the jury to consider the evidence for only proper purposes. It is presumed that the jury will follow the trial court's instructions. *See United States v. Carter*, 973 F.2d 1509, 1513 (10th Cir. 1992).

Because all four factors under the Rule 404(b) analysis are satisfied, the Court finds that evidence of Defendant's prior drug possession and distribution is admissible.[1]

## CONCLUSION

IT IS THEREFORE ORDERED that the evidence described in the Government's Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) – Drug Activity and Firearms Violations [Dkt. No. 20] is ADMISSIBLE.

Dated this 17th day of November 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[1] Although it does not appear that the Government intends to introduce it, because evidence of Defendant's attempt to flee and resist arrest and his conviction for Assault and Battery of a Police Officer is described in the Notice in connection with the prior conduct, the Court finds that this evidence is not admissible under Rule 404(b) and, accordingly, is not permitted to be introduced at trial.